UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJINDER CHAUHAN,<br><br>                              Petitioners,<br><br>v.<br><br>JEREMY CASEY, Warden of the Imperial Regional Detention Center, et al.,<br><br>                              Respondents. | Case No.:  26-CV-778 JLS (BJW)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Rajinder Chauhan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4), and Petitioner's Traverse ("Traverse," ECF No. 5).  For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

## BACKGROUND

Petitioner is a native and citizen of India.  Pet. ¶ 51.  Petitioner entered the United States without inspection on September 26, 2018, when he was arrested by U.S. Customs and Border Protection inside the United States.  *Id.* ¶¶ 52–53.  Petitioner was found to have a credible fear of persecution and was released from custody following a bond hearing under § 1226(a).  *Id.* ¶¶ 54–56.  Petitioner then filed an application for asylum, obtained

work authorization, and complied with all terms of his release. *Id.* ¶ 57. Petitioner has never been "arrested, charged with a crime, or exhibited any behavior or conduct evidencing flight risk or a danger to the community." *Id.* ¶ 58. Petitioner was re-detained in January of 2026. Ret. at 2 n.1. Petitioner was not accused of any violation, provided any advance notice, or provided an individualized custody determination prior to his re-detention. Pet. ¶ 84. Petitioner argues his re-detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1226(a). *Id.* ¶¶ 76–90.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that the summary revocation of his parole without justification or consideration of his individualized circumstances violates the Due Process Clause. Pet. ¶ 85. The Court agrees.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533

U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, No. 25-cv-5632-PCP, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 2025 WL 2084921, at *3 (citing *Romero v. Kaiser*, No. 22-cv-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Respondents contend that as an "applicant for admission" under 8 U.S.C. § 1225 Petitioner is subject to mandatory detention and therefore his alleged statutory and constitutional violations fail. Ret. at 2. The Court disagrees. Petitioner has been released on bond since 2018. Pet. ¶ 56. Petitioner is not a newly arrived noncitizen seeking admission at the border, as Petitioner has been in the United States since September 2018. *Id.* ¶ 52. Upon arrival, he was determined to not be a danger to the community or a flight risk, attended all of his check-in appointments, applied for asylum, obtained work authorization, and has complied with all terms of his release. *Id.* ¶¶ 57–59. Petitioner is not merely an "applicant for admission" at the border with minimal due process rights; Petitioner has a protected liberty interest in remaining out of custody. *See, e.g.*, *Pinchi*, 2025 WL 2084921, at *4 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk

nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori*, 2025 WL 2800149, at *10 ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Matute v. Wofford*, No. 25-cv-1206-KES-SKO (HC), 2025 WL 2817795, at *5 (E.D. Cal. Oct. 3, 2025) (finding petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Matthews* factors. *See Matthews*, 424 U.S. at 335. Courts must consider:

> (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id.*

The Court finds that all three factors support a finding that the Government's revocation of Petitioner's parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of his due process rights. First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to his parole. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690. Petitioner has an interest in remaining with and providing for his family and continuing the asylum process. *See Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's parole was revoked without providing him a reason for revocation or giving him an opportunity to be heard. Pet. ¶ 85. Since DHS's initial determination that Petitioner should be paroled because he posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1760 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). Petitioner has no criminal record, has not been arrested or otherwise in criminal trouble, has work authorization, and has filed an asylum application. Pet. ¶¶ 52–59. "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk. . . ." *Saravia*, 280 F. Supp. 3d at 1760. Respondents, failing to address Petitioner's Due Process argument in their response, do not point to any material circumstances that have changed that would warrant reconsideration of his parole. *See generally* Ret. "Where as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for her detention." *Pinchi*, 2025 WL 2084921, at *5 (quoting *Singh v. Andrews*, No. 25-cv-801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)) (cleaned up).

Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See Pinchi*, 2025 WL 2084921, at *5; *Matute*, 2025 WL 2817795, at *6; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). Respondents fail to point to any burdens on the Government if it were to have provided proper notice, reasoning, and a pre-deprivation hearing. *See generally* Ret.

1    Therefore, because Respondents detained Petitioner by revoking his parole in
2 violation of the Due Process Clause, his detention is unlawful. *See, e.g.*, *Alegria Palma v.*
3 *Larose et al.*, No. 25-cv-1942 BJC (MMP), slip op. 14 (S.D. Cal. Aug. 11, 2025) (granting
4 a TRO based on a procedural due process challenge to a revocation of parole without a pre-
5 deprivation hearing); *Navarro Sanchez*, 2025 WL 2770629, at *5 (granting a writ of habeas
6 corpus releasing petitioner from custody to the conditions of her preexisting parole on due
7 process grounds).

**I.    Attorney's Fees**

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet. at 16. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). The Court **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting parole. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his parole and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[1] The Parties are **ORDERED** to file a Joint Status Report by March 4, 2026, confirming that Petitioner has been released.

Lastly, Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within thirty (30) days of this Order, and Respondents are instructed to file any opposition within fourteen (14) days of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated: February 23, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[1] This relief has been granted in similar matters. *See, e.g.*, *Matute*, 2025 WL 2817795, at *8; *Pinchi*, 2025 WL 2084921, at *5; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, No. 25-CV-1035 JLT HBK, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025).